IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EDWIN KENNER LYON,<br><br>    Plaintiff,<br><br>v.<br><br>BOBBY GRAY,<br><br>    Defendant. | Case No. 3:19-cv-00542-G-BT |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court in this *pro se* prisoner suit is Defendant Bobby Gray's Rule 12(b)(6) Motion to Dismiss (ECF No. 8). For the reasons stated, the Motion should be GRANTED, and Plaintiff's claims should be DISMISSED with prejudice.

## Background

In 2007, Plaintiff was convicted of indecency with a child and sentenced to twenty years' imprisonment. Def.'s Ex. 1 at 4. On March 5, 2019, Plaintiff filed this lawsuit asserting claims under 42 U.S.C. § 1983 against Defendant Bobby Gray, a Waxahachie, Texas police officer, for violating his civil rights by lying in the affidavit for the arrest warrant that lead to Plaintiff's apprehension. Compl. 2-3 (ECF No. 3).

This is not the first time Plaintiff has filed a complaint in this district alleging that Officer Gray engaged in misconduct that led to Plaintiff's conviction. In 2014,

Plaintiff sued Officer Gray and others alleging conspiracy to interfere with his civil rights under 42 U.S.C. § 1985 and tampering with a government record under the Texas Penal Code. *Lyon v. Gray*, No. 3:14-cv-3249-D-BT, ECF No. 3 at 2-3 (N.D. Tex. 2014).[1] The basis of that complaint appears to have been the same arrest warrant affidavit that is at issue here, but in the prior case Plaintiff alleged that the arrest warrant affidavit had been altered. *Id.* ECF No. 7 at 2. The court dismissed Plaintiff's claims against Officer Gray with prejudice because Plaintiff had not met the *Heck v. Humphrey* conditions. *Id.* ECF No. 8 at 3, ECF No. 12 at 1. Plaintiff filed two post-judgment motions in that case, and both were denied. *Id.* ECF No. 13 at 1-2, ECF No. 14 at 1, ECF No. 16 at 1-2, ECF No. 17 at 1-2.

In this lawsuit, Plaintiff appears to argue that Defendant lied in his affidavit because an incident report described the inappropriate touching to have occurred at the victim's "Nana's house" while the affidavit described it to have occurred at the victim's "Grandfather's house." Compl. 2. He alleges Defendant violated his constitutional rights by committing "perjury" and brings a § 1983 claim and a claim under § 37.01 of the Texas Penal Code. *Id.* at 1. He seeks $5,000,000 in punitive damages. *Id.* at 3. In response to the lawsuit, Defendant filed the instant Motion to Dismiss. Plaintiff did not respond. But Defendant filed a document styled as a reply

---

[1] Indeed, this is not the first lawsuit Plaintiff has brought in this district attacking his conviction and sentence, or some aspect of his criminal trial. *Lyon v. Thaler*, No. 3:10-cv-899-B-BD (N.D. Tex. 2010) (§ 2254 habeas case); *Lyon v. Stephens*, No. 3:13-cv-4600-P-BK (N.D. Tex. 2013) (§ 2254 habeas case); *Lyon v. Gray*, No. 3:18-cv-636-G-BH (N.D. Tex. 2018) (§ 1983 case); *Lyon v. Blunt*, No. 3:18-cv-690-G-BK (N.D. Tex. 2018) (§ 1983 case).

in support of the Motion, to which he attaches a document that Plaintiff purportedly sent him following filing of the Motion. Reply Ex. A (ECF No. 11-1). Defendant's reply also requests a declaration that Plaintiff is a vexatious litigant and an order prohibiting Plaintiff from filing any further complaints or other documents in the Northern District of Texas without first requesting leave of court. Reply 3 (ECF No. 11). The Motion is ripe for determination.

## Legal Standard

When deciding a 12(b)(6) motion for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citations omitted). A plaintiff's complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). This pleading standard does not require "'detailed factual allegations,'" but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of

action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the plaintiff is plausibly entitled to relief. *Id.* at 678 (citing *Twombly*, 550 U.S. at 557).

## Analysis

Plaintiff's allegations that Defendant committed perjury fail to state a claim. Private parties lack standing to bring claims under the Texas Penal Code. *See Smith v. HSBC Bank*, 669 F. App'x 224, 225 (5th Cir. 2016) (per curiam). Indeed, the Texas Penal Code does not allow private causes of action. *Luna v. Bank of Am. NA*, 2015 WL 1120875, at * 9 (N.D. Tex. Nov. 9, 2015), *rec. adopted*, 2016 WL 158128 (N.D. Tex. Jan. 12, 2016); *Florance v. Buchmeyer*, 500 F. Supp. 2d 618, 635 (N.D. Tex. 2007); *Brown v. De La Cruz*, 156 S.W.3d 560, 564 (Tex. 2004). Plaintiff attempts to bring a claim under Texas Penal Code § 37.01, which prohibits perjury and other falsifications. Because Plaintiff cannot maintain a claim under the Texas Penal Code, Plaintiff's perjury claim should be dismissed with prejudice.

Plaintiff's allegations likewise fail to state a § 1983 claim. *Heck v. Humphrey* provides that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared

> invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote omitted). When *Heck* conditions are not met, dismissal with prejudice until the conditions are met is appropriate. *DeLeon v. City of Corpus Christi*, 488 F. 3d 649,657 (5th Cir. 2007).

Here, Plaintiff's § 1983 claim rests on the allegation that Defendant committed perjury in the affidavit for the arrest warrant that ultimately led to Plaintiff's apprehension and prosecution. *See* Compl. 2-3. The allegation that Defendant committed perjury in this arrest warrant affidavit necessarily implies the invalidity of Plaintiff's conviction. Plaintiff, however, has failed to show that his conviction has been reversed or declared invalid. Plaintiff's § 1983 claim, therefore, should be dismissed with prejudice until he can show he satisfies the conditions set forth in *Heck*.

## Recommendation

For the foregoing reasons, Defendant's Motion to Dismiss should be GRANTED, and Plaintiff's claims should be DISMISSED with prejudice. To the extent Defendant seeks by his reply an order sanctioning Plaintiff, Defendant's request should be DENIED as Defendant may not seek relief in his reply that he did not seek in his Motion.

Signed December 20, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).